313 So.2d 796 (1975)
Lynn Kathleen DAVIS et al., Plaintiffs,
v.
Dr. Shirley SIMPSON et al., Defendants.
No. X-206.
District Court of Appeal of Florida, First District.
June 9, 1975.
Colson & Hicks, Miami, and Michael B. Mann, Lynn Haven, for plaintiffs.
John N. Boggs, III, of Barron, Redding, Boggs & Hughes, Panama City, Charles R. Timmel of Timmel & Campbell, Fort Walton Beach, and E. Harper Field of Keen, O'Kelley & Spitz, Tallahassee, for defendants.
McCORD, Judge.
This case is brought before us as a certified question from the Circuit Court, Gulf County, Florida. The question presented is: Is a full term, viable, but stillborn fetus a "person" within the meaning of § 768.19, Florida Statutes, 1973?
Although none of the parties have raised the point of the propriety of this action as a certified question and appear to be desirous that we treat it as such, it does not meet the test of Rule 4.6, Florida Appellate Rules, for a certified question. Under the rule the answer must be determinative of the cause. Here the answer will be determinative of the cause only if it is answered in the affirmative. In addition, by granting defendants' motions to dismiss Count V, the trial court has already answered the question. Thus, we are being asked to determine whether or not the trial court's answer was correct, which, of course, is an appeal. Having examined the briefs and considered the oral arguments of counsel for the respective parties, however, we are of the view that the point raised is of such nature and importance that it should be determined at this stage of the proceedings. We will, therefore, treat the case as a petition for common law writ of certiorari to review the trial court's order dismissing Count V of the Complaint.
Petitioners, parents of a stillborn fetus, filed a complaint against respondent doctors alleging that negligence of the respondents resulted in the fetus not being born alive. Counts I through IV of the Complaint related to alleged causes of action *797 on behalf of the parents and are not before us in this proceeding. In Count V petitioner, Richard Glenn Davis, in his alleged capacity as administrator of the estate of the fetus, attempts to allege a cause of action for its wrongful death. The trial court granted motions of respondents as aforesaid and dismissed Count V. The effect of the dismissal was a ruling by the trial court that no cause of action exists under the death by wrongful act statute on behalf of any estate of the fetus; that a full term, viable, but stillborn fetus is not a "person" within the meaning of the wrongful death statute, § 768.19, Florida Statutes.
The whole question boils down to whether or not it was the intent of the legislature in its enactment of the new death by wrongful act statute to include within the meaning of the term "person" an unborn fetus as above stated. We find no indication that such was the legislative intent.
The foregoing statute was enacted in 1972. It superseded previous § 768.01, § 768.02 and § 768.03, Florida Statutes, which were repealed with the new enactment. One of its primary purposes was to require that a wrongful death action be brought in the name of the personal representative of the decedent. Formerly, such an action could be brought by various persons such as by a surviving spouse or by a parent for the wrongful death of a minor child. In Stokes v. Liberty Mutual Insurance Company, Fla., 213 So.2d 695 (1968), an opinion rendered under the old statute, the Supreme Court held that a stillborn fetus, prenatally injured by negligence, was not a minor child stating:
"... We hold that a stillborn fetus is not within the statutory classification. Conversely, we hold that a right of action for wrongful death can arise only after the live birth and subsequent death of the child." (Emphasis supplied)
While the above italicized statement of the Supreme Court was dictum in Stokes, it reflects the view of the Supreme Court as to the proper construction of the then death by wrongful act statute.
Petitioners contend that the word "person" in § 768.19, Florida Statutes, 1973, should be construed to include a viable, unborn fetus. That statute states as follows:
"When the death of a person is caused by the wrongful act, negligence, default or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony."
But the corresponding section of the old law (§ 768.01, Florida Statutes) contained the same general language as to "person." It stated as follows:
"(1) Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, ... and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action ... and to recover damages in respect thereof, then and in every such case the person or persons who, ... would have been liable in damages if death had not ensued shall be liable to an action for damages ... notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."
The old wrongful death statute (§ 768.03, Florida Statutes) in providing for the parties *798 and damages for death of a minor child states:
"(1) Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, ... the father of such minor child or if the father be not living, the mother may maintain an action ... and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess."
The present wrongful death act merged the damages provisions for the various parties who could sue as follows:
"768.21 DAMAGES. All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:
(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.
* * * * * *
(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury."
We must assume that the legislature knew the construction that had been placed upon the previous death by wrongful act statute by the Supreme Court in Stokes when it enacted the new statute. There is no departure in the wording of the new statute from that of the old with relation to "persons" and "minor children" which would indicate an intent to create a new right of action on behalf of an unborn fetus. Had the legislature intended to make such a radical change in the law, there is every reason to believe that it would have done so in clear language. This is a matter for legislative action and not for judicial legislation.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.