STATE of Missouri ex rel. Gary
HARDIN, Relator,

v.

Honorable James L. SANDERS, Chief
Judge and Judge of Division No. 1, Cir-
cuit Court of the City of St. Louis, vice
Honorable William E. Buder, Retired,
Respondent.

No. 59362.

Supreme Court of Missouri,
En Banc.

July 12, 1976.

James J. Amelung, Stephen D. Hoyne,
Amelung, Wulff & Willenbrock, St. Louis,
for relator.

Stefan J. Glynias, Clayton, for respon-
dent.

HOLMAN, Judge.

The question for decision in this case is
whether there can be a recovery under the
Missouri Wrongful Death Act, Section 537.-
080, V.A.M.S. for the wrongful death of a
viable [1] child or fetus born dead as a result
of injuries negligently inflicted en ventre sa

1. "Having attained such form and development
of organs as to be normally capable of living
outside the uterus." Webster's Third New In-
ternational Dictionary.

mere.[2] This is a question of first impression in Missouri.

Bobbie Jo and Gerald Holdner filed suit against relator in the circuit court of St. Louis City alleging that Bobbie was injured as a result of relator's negligent operation of an automobile which also injured Bobbie's "fetal child" resulting in its death and causing said child to be stillborn;[3] that Bobbie was eight months pregnant at the time of the injury. The suit was in three counts. The first count sought a recovery for the injuries to Bobbie; the second count sought a recovery by Gerald for loss of consortium and the third a recovery by both parents for the death of the unborn child.

Relator filed a motion to dismiss the third count on the ground it failed to state a claim upon which relief could be granted. After the motion was heard the trial judge announced that he would overrule it unless prohibited by an appellate court writ. Upon petition of relator we issued our provisional rule on January 12, 1976. We have decided that said rule should be made absolute.

As is customary in cases of this nature the attorneys for plaintiffs in the underlying case have briefed and argued the matter here on behalf of the respondent judge.

At the outset it is contended by respondent that the court had jurisdiction to rule on the motion and hence prohibition is not a proper remedy. In answer relator says that plaintiffs have not stated and cannot state a claim for relief and hence the trial court has no jurisdiction to proceed with the claim. We rule that under the circumstances indicated prohibition is an appropriate remedy. *State ex rel. Kansas City Stockyards v. Clark*, 536 S.W.2d 142 (Mo.1976).

There was no right of action for wrongful death at common law. Our statute providing for such recovery was originally enacted in 1855 and was modeled after Lord Campbell's Act which was enacted in 1846. The present statute reads, in part, as follows: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered.

"(1) By the spouse or minor children, . . .

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, . . . ."

We do not find any Missouri cases that are specifically applicable in deciding the question before us. Both sides have cited *Steggall v. Morris*, 363 Mo. 1224, 258 S.W.2d 577 (banc 1953). In that case it was held that where a viable child suffered injuries before birth, was born alive and later died as a result of such injuries, the parents could recover from the tort-feasor for the child's death. Also, as a matter of dictum, the case held that a viable child injured before birth but born alive could maintain a tort action for the injuries inflicted. While the *Steggall* opinion is very interesting it is distinguishable from the instant case because the holding is predicated upon the condition that there was a live birth of the fetus—a very important factor in deciding the question before us. The limited extent of *Steggall* is indicated by the statement that, "We do not desire to go beyond the question for decision in this case. We, therefore, confine our ruling to the facts presented." 258 S.W.2d 579. We agree

---

**2.** "In its mother's womb. A term descriptive of an unborn child." Black's Law Dictionary, Fourth Ed.

**3.** "Dead at birth." Webster, supra.

with the holding and also the dictum in *Steggall* but do not find that *Steggall* rules the case at bar.

In the case of *Acton v. Shields*, 386 S.W.2d 363 (Mo.1965) the appellants sought an answer to the question before us. In *Acton*, however, the child left no parent surviving and the case was disposed of by a ruling that the administrator's petition failed to allege pecuniary damage to the child's collateral beneficiaries and therefore there could be no recovery.

In looking to the decisions in other states we find that a number of states have decided the question each way. The cases which deny recovery place the decision on a number of grounds. Some of the cases hold that there can be no recovery because a viable fetus which is injured and dies before birth is not a "person" within the meaning of the wrongful death statute. Cases so holding include *Kilmer v. Hicks*, 22 Ariz. App. 552, 529 P.2d 706[6] (1974); *Davis v. Simpson*, 313 So.2d 796[1] (Fla.App.1975), and *Hogan v. McDaniel*, 204 Tenn. 235, 319 S.W.2d 221[1] (1958). It is pointed out in those cases that at common law an unborn fetus is not a "person," *Kilmer v. Hicks*, supra; also that the United States Supreme Court in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) held that a fetus is not a "person" within the meaning of the Fourteenth Amendment.

Another line of cases holds that there can be no recovery because the unborn fetus could not have maintained an action for recovery of damages at the time of his injury and death and hence under the terms of the statute no right to maintain a wrongful death action is transmitted to the parents. See *Lawrence v. Craven Tire Company*, 210 Va. 138, 169 S.E.2d 440[1] (1969); *Drabbels v. Skelly Oil Co.*, 155 Neb. 17, 50 N.W.2d 229[1] (1951) and *Howell v. Rushing*, 261 P.2d 217[3] (Okl.1953).

A third ground for denying recovery is that any proof of damages in this sort of case is unreasonably speculative. "In the case of prenatal death there is no competent means of measuring the probable future earnings of the foetus. It is virtually impossible to predict whether an unborn child, but for its death, would have been capable of giving pecuniary benefit to anyone. 'None of the usual indicia such as mental and physical capabilities, personality traits, aptitudes and training of the wrongfully killed are present.'" *Gay v. Thompson*, 266 N.C. 394, 146 S.E.2d 425, 428 (1966). See also, *Graf v. Taggert*, 43 N.J. 303, 204 A.2d 140[3] (1964).

The cases allowing recovery generally adopt the converse of the views set out above. They say that a fetus should be considered a "person" within the meaning of the wrongful death statute when it becomes viable. They also state the view that difficulty in proving damages should not bar recovery but should prompt greater leniency in affording the remedy. Some of those cases also hold that the condition that recovery may be had if the wrongful act would, if death had not ensued, have entitled the injured party to maintain an action is complied with if it be assumed that the fetus had been born alive and then could have sued.

Some of the principal cases allowing recovery are *State to use of Odham, etc. v. Sherman*, 234 Md. 179, 198 A.2d 71 (1964); *Chrisafogeorgis v. Brandenberg*, 55 Ill.2d 368, 304 N.E.2d 88 (1973) and *Verkennes v. Corniea*, 229 Minn. 365, 38 N.W.2d 838 (1949).

Many of the cases holding that the action may be maintained and those holding to the contrary are listed and discussed in Anno. 15 A.L.R.3d 995, 999. Also, a number of the cases heretofore cited list the cases which decide the issue both ways. In view of that there is no need to extend this opinion by copying those lists herein. In that connection see also, *Endresz v. Friedberg*, 24 N.Y.2d 478, 301 N.Y.S.2d 65, 248 N.E.2d 901, 903 (1969).

We hold that a wrongful death action may not be maintained for the death of an unborn child. It is our view that a fetus is not a "person" within the meaning of our wrongful death statute until there has been a live birth. We think the legislature in enacting the original act and subse-

quent revisions did not intend to create an action for the death of a fetus never born alive. In view of the common law rule that an unborn fetus was not a "person" we think if there had been an intention to create such an action it would have been specifically so stated. It also seems significant that in giving the right of recovery to the parents the statute used the phrase "if the deceased be a minor and unmarried." The words "deceased," "minor" and "unmarried" are words that usually, if not always, refer to one who has had some period of life after birth.

The foregoing observations are supported by a recent decision of the Supreme Court of the United States which states that, "In areas other than criminal abortion, the law has been reluctant to endorse any theory that life, as we recognize it, begins before live birth or to accord legal rights to the unborn except in narrowly defined situations and except when the rights are contingent upon live birth. For example, the traditional rule of tort law denied recovery for prenatal injuries even though the child was born alive. That rule has been changed in almost every jurisdiction. In most States, recovery is said to be permitted only if the fetus was viable, or at least quick, when the injuries were sustained, though few courts have squarely so held. In a recent development, generally opposed by the commentators, some States permit the parents of a stillborn child to maintain an action for wrongful death because of prenatal injuries. Such an action, however, would appear to be one to vindicate the parents' interest and is thus consistent with the view that the fetus, at most, represents only the potentiality of life. Similarly, unborn children have been recognized as acquiring rights or interests by way of inheritance or other devolution of property, and have been represented by guardians *ad litem*. Perfection of the interests involved, again, has generally been contingent upon live birth. In short, the unborn have never been recognized in the law as persons in the whole sense." *Roe v. Wade*, 410 U.S. 113, 161, 162, 93 S.Ct. 705, 731, 35 L.Ed.2d 147 (1973).

It has been suggested that *Steggall* stated that a viable fetus is a person within the meaning of the wrongful death statute. While there is some indication of that belief in that opinion any such indication was dictum and not a part of the decision and hence need not be followed.

Respondent contends that fixing the standard for recovery for death from prenatal injuries as live birth is arbitrary and unjust; that the test should be viability since there is very little difference in the situation where a fetus dies a short time before birth and where death occurs a few minutes after birth. In discussing that situation one writer has said that, "It is submitted that the viability test is no less arbitrary than the birth standard. The sole difference between viability and non-viability is merely a matter of time. Consequently, the injustice will not be removed, merely relocated. Moreover, the viability test is uniformly criticized by writers as being unworkable, for the time at which a pre-viable foetus becomes viable is indefinite and therefore, incapable of precise determination. Thus, since any limitation will be arbitrary in nature, a tangible and concrete event would be the most acceptable and workable boundary. Birth, being a definite, observable and significant event, meets this requirement." Wenger, 69 Dickinson L.Rev. 258, 268. In Vol. 2 Harper and James, *The Law of Torts*, p. 1031, it is stated that, "Few cases have allowed separate recovery where the child is not born alive, and perhaps this is the fairest and most practical place to draw the line. It, too, would make arbitrary distinctions—as between the child killed just before delivery and one who dies just after—but this sort of thing will be encountered wherever there must be a borderline. Perhaps also there should be a qualification that the child be viable at the time of birth." The views stated in the quoted authorities would appear to answer this contention.

Our statute predicates recovery upon the condition that the party injured would have been entitled to maintain an action if death had not ensued. Respondent

contends that *Steggall* supports the proposition that the fetus in the instant case complied with that condition. We have heretofore pointed out that the holding in *Steggall* is conditioned upon live birth. Respondent apparently thinks that if the fetus in this case could have successfully maintained a suit after having been born alive the condition is complied with. We do not agree. It is our view that the fetus had to be entitled to maintain an action at the time the injury was sustained and not at some later time after there had been another development, i. e., live birth. And it should be obvious that an unborn fetus could not "maintain an action and recover damages" for personal injuries. See, *Lawrence v. Craven Tire Company [1]*, supra, and *Carroll v. Skloff*, 415 Pa. 47, 202 A.2d 9 (1964).

Respondent says that if no recovery is permitted in this case we will have a situation where there is a wrong without a remedy. To some extent that may be true. It must be remembered, however, that before the statute was enacted there was no recovery at all for wrongful death. In enacting the statute it was for the legislature to determine the extent to which it would apply. "Statutes are not to be construed as effecting any change in the common law beyond that which is clearly indicated." *Kilmer v. Hicks*, supra, 529 P.2d 707. As we have stated we find no legislative intent to include recovery for the death of an unborn fetus. Of course, it would seem unnecessary to mention that the mother can recover for injuries she received at the time of the casualty which fatally injured the fetus. In such an action her recovery would include mental and physical suffering in connection with the miscarriage. *Vitale v. Biando*, 52 S.W.2d 24 (Mo.App.1932).

As stated, we rule that plaintiffs cannot recover on the third count of the petition in the underlying suit. It follows that the provisional rule should be made absolute.

SEILER, C. J., and MORGAN, HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., concurs in result.