THOMAS A. EGBERT AND JOYCE HOPE EGBERT, SPECIAL
ADMINISTRATOR AND SPECIAL ADMINISTRATRIX OF THE
ESTATE OF BABY GIRL EGBERT (MOTHER, JOYCE),
DECEASED, APPELLANTS, V. MARCELLA WENZL, APPELLEE.

260 N. W. 2d 480

Filed December 14, 1977.  No. 41208.

Charles R. H. Kluver of Holz, Kluver & Kizer, for appellants.

David A. Svoboda of Kennedy, Holland, DeLacy & Svoboda, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

The issue in this case, not one of first impression in Nebraska, is whether an action for the wrongful death of a stillborn fetus may be maintained under section 30-809, R. R. S. 1943.  We conclude that it may not, and adhere to the rule set forth in Drabbels v. Skelly Oil Co., 155 Neb. 17, 50 N. W. 2d 229 (1951).

Plaintiffs, Thomas A. and Joyce Hope Egbert, acting as the special administrator and administratrix of the estate of Baby Girl Egbert, a viable fetus born dead, filed this wrongful death action against defendant Marcella Wenzl.  Plaintiffs alleged that the defendant negligently drove her automobile in the path of Joyce Hope Egbert's automobile on June 19, 1974, at which time Joyce Hope Egbert was in her eighth month of pregnancy; that the negligence of the defendant proximately caused the death of the viable fetus; and that the fetus was stillborn on June

20, 1974. Plaintiffs alleged that they had suffered pecuniary loss, and loss of society, comfort, and companionship as the result of the death of the prospective child. Defendant demurred on the ground that the facts alleged in plaintiffs' petition set forth no cause of action. The trial court sustained the demurrer, plaintiffs elected to stand on their petition, and the trial court then dismissed the petition. Plaintiffs have appealed.

Section 30-809, R. R. S. 1943, provides: "Whenever the death of a *person* shall be caused by the wrongful act, neglect or default, of any person, company or corporation, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." (Emphasis supplied.) The right to maintain an action for wrongful death did not exist under the common law, and exists in Nebraka, as in other states, solely by statute. Mabe v. Gross, 167 Neb. 593, 94 N. W. 2d 12 (1959); Dow v. Legg, 120 Neb. 271, 231 N. W. 747 (1930).

Twenty-six years ago, in Drabbels v. Skelly Oil Co., *supra*, this court decided the precise question raised by the plaintiffs, and held that an action for the wrongful death of a viable fetus which is stillborn could not be maintained under section 30-809, R. R. S. 1943. The basis for that holding was that a child "born dead cannot maintain an action at common law for injuries received by it while in its mother's womb, and consequently the personal representative cannot maintain it under a wrongful death

statute limiting such actions to those which would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." This court also noted that a child born dead was not considered a person insofar as the law of torts was concerned.

Plaintiffs ask us to overrule Drabbels, and advance several arguments for so doing, including the claim that Drabbels does not now represent the weight of authority; that the view a fetus is part of the mother has been discredited; that had the fetus been born alive, it would have been entitled to maintain an action for damages; and that damages due to the loss of a viable fetus are no more difficult to ascertain than the death of an infant child.

We have carefully considered plaintiff's arguments, which find varying degrees of support in decisions from other jurisdictions. See Annotation, Action for death of unborn child, 15 A. L. R. 3d 992. The arguments presented, however, are broader than the narrow question properly before us in this case. As stated by the Supreme Court of California in Justus v. Atchison, 19 Cal. 3d 564, 139 Cal. Rptr. 97, 565 P. 2d 122 (1977), the "considerations advanced by plaintiffs would be relevant if we were called upon to decide whether California should adopt the proposed cause of action as a matter of judge-made law; they are not persuasive when, as here, the cause of action for wrongful death in this state is a pure creature of statute." The court noted in that case that the question was not a matter of "evolution" of the common law, but rather a question of legislative intent. The court concluded that the Legislature did not intend to include a fetus as a person under the wrongful death statute, noting that at the time wrongful death statutes were adopted, a fetus was not viewed as a person insofar as the law of torts was concerned; and that subsequently when the Legislature did intend to include a fetus within

the objects of a law, it specifically did so. The same approach was taken by courts in other jurisdictions in State ex rel. Hardin v. Sanders, 538 S. W. 2d 336 (Mo., 1976); Kilmer v. Hicks, 22 Ariz. App. 552, 529 P. 2d 706 (1974); McKillip v. Zimmerman, 191 N. W. 2d 706 (Iowa, 1971).

We believe that the rationale of Justus v. Atchison, *supra*, and State ex rel. Hardin v. Sanders, *supra*, is compelling. Statutes are not to be understood as affecting any change in the common law beyond that which is clearly indicated. Davis v. Walker, 170 Neb. 891, 104 N. W. 2d 479 (1960); Kilmer v. Hicks, *supra*. In view of the common law rule that an unborn fetus was not a person insofar as the law of torts is concerned, we think that if there had been an intention to create an action for the wrongful death of a viable fetus it would have been specifically so stated by the Legislature when the wrongful death statute was enacted. In Drabbels, this court noted that such an action "may not be maintained unless and until the right to bring it is afforded by legislative enactment." In the 26 years since Drabbels was decided, the Nebraska Legislature has not acted to include a viable fetus within the definition of person under section 30-809, R. R. S. 1943. Plaintiffs have not directed our attention to any evidence of legislative intent to include recovery for the death of a viable fetus under section 30-809, R. R. S. 1943, and we have found none.

We express no opinion with respect to the existence of the fetus as a person in either the philosophical or scientific sense. We hold only that the Legislature did not exhibit the intention to include a viable fetus within the scope of our wrongful death statute. See McKillip v. Zimmerman, *supra*.

We, therefore, adhere to the rule of law previously established in Drabbels, in 1951, and find no action for the wrongful death of a viable fetus may be maintained in this state unless and until the right to

bring such an action is afforded by the Legislature. The trial court properly sustained the demurrer in this case.

AFFIRMED.