577 F.2d 22
 Brian BERGSTRESER, an infant, by Sherry Bergstreser, his
mother and natural guardian, Sherry Bergstreser,
Individually and Ross Bergstreser,
Individually, Appellees,
v.
T. J. MITCHELL, M.D., G. A. Richardson, M.D., and St.
Francis Hospital, Appellants.
 No. 77-1742.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1978.
Decided May 10, 1978.
Rehearing and Rehearing En Banc Denied July 7, 1978.
 
 Doris Banta, St. Louis, Mo., for appellants; George E. Lee, Barnard & Baer, St. Louis, Mo., on the brief.
 Stephen H. Ringkamp, St. Louis, Mo., for appellees; James E. Hullverson of Hullverson, Hullverson & Frank, Inc., St. Louis, Mo., and Dennis M. Mahoney, Johnson & Mahoney, Denver, Colo., on the brief.
 Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and ROSS, Circuit Judge.
 GIBSON, Chief Judge.
 
 
 1
 This is an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from an order involving a controlling question of law as to which there is substantial ground for difference of opinion. Indeed, the question of law presented by this case, which concerns a cause of action based upon an alleged preconception tort to an infant, is an unusual and novel one upon which few courts have had an opportunity to express any opinion whatsoever. Moreover, the courts of Missouri, the state in which the instant case arose, have never had occasion to address the particular questions which this diversity action now requires the federal courts to answer.
 
 
 2
 This action for damages arising out of alleged acts of medical malpractice is brought on behalf of Brian Bergstreser, an infant, by his mother and natural guardian, Sherry Bergstreser, against two physicians and a hospital. Brian and his parents, Sherry and Ross Bergstreser, are citizens of Colorado. The individual defendants, Drs. Mitchell and Richardson, are citizens of Missouri; St. Francis Hospital is a Missouri corporation.
 
 
 3
 On February 22, 1972, Drs. Mitchell and Richardson performed a Caesarean section on Sherry Bergstreser at the St. Francis Hospital in Washington, Missouri. It is alleged that this operation was performed in a negligent manner and further that defendants negligently failed to advise Mrs. Bergstreser of the condition of her uterus subsequent to the operation.
 
 
 4
 Thereafter, Mrs. Bergstreser become pregnant with Brian. On October 22, 1974, approximately ten weeks prior to the expected delivery of Brian, Mrs. Bergstresser suffered an occult rupture of the uterus. It is alleged that this rupture was caused by defendants' negligent performance of the Caesarean section on February 22, 1972. As a result of this rupture, Mrs. Bergstreser was forced to undergo a premature emergency Caesarean section on October 22, 1974, in order to accomplish Brian's delivery. It is alleged that during the course of this emergency delivery Brian suffered a period of hypoxia and/or anoxia[1] which caused him serious injuries, including brain damage.
 
 
 5
 On November 29, 1976, the Bergstresers filed a complaint in federal district court seeking damages for various injuries and losses allegedly caused by defendants' negligent performance of the Caesarean section on Mrs. Bergstreser in February 1972. Brian's claims, brought by his mother as his natural guardian, are pleaded in Counts I, III, V and VII of the complaint. The claims of Mrs. Bergstreser for her injuries are brought in Counts II, IV, VI and VIII. Count IX contains a claim by Mr. and Mrs. Bergstreser for loss of Brian's services and for medical expenses for his care and treatment; Count X is brought by Mr. Bergstreser for the loss of his wife's services and for medical expenses for her care and treatment. Defendants answered the Bergstresers' complaint; they also filed a motion for summary judgment and motions to dismiss. They contended that Brian had failed to state a cause of action on which relief could be granted and that all of the Bergstresers' claims were barred by Missouri statutes of limitations.
 
 
 6
 In a memorandum opinion filed on August 22, 1977, the District Court[2] ruled that Mr. and Mrs. Bergstreser's claims were barred by the applicable Missouri statute of limitations and sustained defendants' motion for summary judgment as to Counts II, IV, VI, VIII, IX and X. The Bergstresers do not appeal from the dismissal of these claims. The district judge denied defendants' motion for summary judgment as to Brian's claims. He held that the courts of Missouri would allow a child, when born alive, to bring an action for injuries arising out of preconception negligent conduct; that Brian, accordingly, had stated a cause of action under Missouri law, and that Brian's action was not barred by any Missouri statute of limitations.
 
 
 7
 The District Court deemed its order to be one involving controlling questions of law as to which there was substantial ground for difference of opinion and, pursuant to 28 U.S.C. § 1292(b), stated that any party could make application for appeal. Defendants have availed themselves of this opportunity to bring an interlocutory appeal. They challenge the District Court's holding that Brian has stated a cause of action under Missouri law. Moreover, they argue that even if such a cause of action does exist, Brian's claims are nevertheless barred by a two-year Missouri statute of limitations.
 
 
 8
 Brian's claims are based upon injuries arising from allegedly negligent acts occurring prior to his conception. The question of whether such claims are actionable in Missouri is one of first impression. The district judge was, therefore, called upon to give consideration to the rule which he believed the state courts would in all probability follow under the facts presented here. Soo Line Railroad v. Fruehauf Corp., 547 F.2d 1365, 1373 (8th Cir. 1977); Percival v. General Motors Corp., 539 F.2d 1126, 1130 (8th Cir. 1976). Upon an analysis of the Missouri case law, which has recognized that an infant which is born alive has a right of action for prenatal personal injuries,[3] he concluded that the courts of Missouri would "allow a child, when born alive, to bring an action for injuries arising out of preconception negligent conduct." In reaching this conclusion, Judge Harper acknowledged that a contrary interpretation of Missouri law would lead to an undesirable situation in which there was a "wrong inflicted for which there is no remedy." It is noteworthy that in making the decision to allow a child to bring a tort action for prenatal injury, the Missouri Supreme Court also accorded great weight to this consideration, Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577, 581 (1953), breathing life into the axiom, "Where there is a right there is a remedy."
 
 
 9
 In a diversity case, we accord great weight to the conclusions of a local judge on questions of local law. Gatzemeyer v. Vogel, 544 F.2d 988, 992 (8th Cir. 1976). In the absence of any Missouri law on the question of whether preconception negligence is actionable, the District Court looked to the Missouri law on prenatal injuries for guidance in determining whether Brian had stated a cause of action. We agree with the District Court that, under these circumstances, the case law on prenatal injuries is the best available means of predicting the rule which the Missouri courts would apply to claims for preconception injuries. This case law shows that, under a very similar set of circumstances, the Missouri Supreme Court has chosen to recognize a cause of action, has refused to be bound by outmoded common law and has declined to allow an injury to be suffered without a remedy. After considering this case law, we agree with the District Court that the courts of Missouri would permit an infant, born alive, to bring an action for injuries arising out of preconception negligent conduct.
 
 
 10
 At the present time, only three other courts have had occasion to address the question of whether a child has a cause of action for injuries resulting from a preconception tort. We note, as did the District Court, that in all of these cases a cause of action was recognized. See Jorgensen v. Meade Johnson Laboratories, Inc., 483 F.2d 237 (10th Cir. 1973); Renslow v. Mennonite Hospital, 67 Ill.2d 348, 10 Ill.Dec. 484, 367 N.E.2d 1250 (1977); Park v. Chessin, 88 Misc.2d 222, 387 N.Y.S.2d 204 (Sup.Ct.1976). Thus, Judge Harper's interpretation of the rule which the Courts of Missouri would apply is not only harmonious with the most analogous Missouri precedent, but is also in agreement with the small number of decisions from other jurisdictions on this novel issue.[4]
 
 
 11
 We think that the Missouri Supreme Court would permit an infant, born alive, to bring an action for injuries resulting from negligent acts occurring prior to conception. Brian Bergstreser, having been born alive, has, therefore, stated a cause of action under the law of Missouri.
 
 
 12
 We must next consider whether Brian's claims are barred by a Missouri statute of limitations. In a diversity action, a federal court is required to ascertain and apply the statute of limitations which would be applied by the state courts. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In 1976, after Brian's birth and prior to the filing of his complaint, the Missouri statutes of limitations applicable to actions for medical malpractice were amended. The statutes in effect at the time of Brian's birth required that actions against physicians and hospitals be brought "within two years from the date of the act of neglect complained of * * * ", Mo.Rev.Stat. § 516.140 (1969), unless the prospective plaintiff was a minor, in which case the limitations period was tolled until the plaintiff reached the age of twenty-one years. Mo.Rev.Stat. § 516.170 (1969). The new Missouri statute applicable to actions for medical malpractice maintains the previous two-year limitation period, but changes the tolling provision for minor plaintiffs to the extent that a minor under the full age of ten years now has until his or her twelfth birthday to bring an action. Mo.Rev.Stat. § 516.105 (Supp.1976).
 
 
 13
 The district judge was of the opinion that because both the old and new statutes contained tolling provisions for suits by minors and because Brian was a minor, his suit would not be barred by either statute. Under these circumstances, Judge Harper declined to determine which statute applied to the present case. We agree that such a determination is unnecessary on the facts here and that the outcome of this case will be the same whichever statute applies.
 
 
 14
 Missouri has enacted statutes of limitations which govern the time during which tort actions against physicians and hospitals may be filed. Brian Bergstreser, under our interpretation of Missouri law, has stated a cause of action for negligence against two physicians and a hospital. We cannot sanction the partial invocation of the statute of limitations urged by defendants. It is their position that the statute of limitations applies to the extent of barring Brian's suit, because it was filed more than two years after their allegedly negligent conduct, but that the tolling provision for minors does not apply because he was not a being in esse when this conduct occurred. Brian was the recipient of defendants' allegedly negligent conduct when he came into being, which fact should be sufficient to satisfy the terms of the tolling statute. We believe that the entire Missouri statute of limitations, including its tolling provision, applies to the claims asserted here. Brian Bergstreser is a minor plaintiff alleging injury because of defendants' acts of medical malpractice. He is entitled to the benefit of the tolling provision for minors applicable to medical malpractice actions. His suit was filed within the grace period created by the tolling provisions of both the old and new Missouri statutes of limitations applicable to actions for medical malpractice and his claims are not, therefore, barred by either statute.
 
 
 15
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 Hypoxia is a deficiency of oxygen reaching the tissues of the body; anoxia is severe hypoxia resulting in permanent damage
 
 
 [2]
 The Honorable Roy W. Harper, Senior United States District Judge, Eastern District of Missouri
 
 
 [3]
 The recognition of a cause of action for prenatal injuries has been recent in Missouri, as elsewhere. See generally W. Prosser, The Law of Torts 335-38 (4th ed. 1971). In Missouri, the right of a child to bring an action for injuries incurred prior to birth is currently contingent upon the child's having been born alive. See Hardin v. Sanders, 538 S.W.2d 336, 337 (Mo.1976); Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577 (1953). A wrongful death action may not be maintained in Missouri for the death of an unborn child or for a stillborn child. Hardin v. Sanders, supra at 338
 
 
 [4]
 We note that the problems presented by recognition of claims for prenatal and preconception injury have attracted considerable recent attention from commentators. The commentary is overwhelmingly favorable to the trend toward recognition of causes of action for prenatal and preconception injury. See, e. g., Estep, and Forgotson, Legal Liability for Genetic Injuries from Radiation, 24 La.L.Rev. 1 (1963); Gordon, The Unborn Plaintiff, 63 Mich.L.Rev. 579 (1965); White, The Right of Recovery for Prenatal Injuries, 12 La.L.Rev. 383 (1952). Case and Comment, Report of the Scottish Law Commission on Antenatal Injury, 1974 Jur.Rev. 83; Note, The Law and the Unborn Child: The Legal and Logical Inconsistencies, 46 Notre Dame Law 349 (1971); Comment, Negligence and the Unborn Child: A Time for Change, 18 S.D.L.Rev. 204 (1973); Comment, Radiation and Preconception Injuries: Some Interesting Problems in Tort Law, 28 SW.L.J. 414 (1974); Comment, The Law of Prenatal Injuries, 37 U.Colo.L.Rev. 271 (1965); Note, The Impact of Medical Knowledge on the Law Relating to Prenatal Injuries, 110 U.Pa.L.Rev. 554 (1962). See also W. Prosser, The Law of Torts 335-38 (4th ed. 1971); Annot., 70 A.L.R.3d 315 (1976); Annot., 40 A.L.R.3d 1222 (1971)