65 P.3d 977

**COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Clifford Wayne HARTLEY and Judith L. Hartley, husband and wife; John A. Hartley and Jane Doe Hartley, husband and wife; Megan B. Judd; Dan and Jane Doe Judd, husband and wife and natural parents of Megan B. Judd, a minor; John J. Coffey and Jane Doe Coffey, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 02–0428.

Court of Appeals of Arizona, Division 1, Department C.

April 3, 2003.

Burke, Panzarella, Rich, By Thomas P. Burke, II, Phoenix, Attorneys for Plaintiff–Appellant.

Phillip A. Austin, Mesa, Attorney for Defendants–Appellees Hartley.

Bedford Douglass, Jr., Mesa, Attorney for Defendants–Appellees Judd.

Skousen, Skousen, Gulbrandesen & Patience P.C., By John E. Skousen, Attorneys for Defendants–Appellees Coffey.

## OPINION

LANKFORD, Judge.

¶ 1 This appeal requires us to determine whether Arizona Revised Statutes ("A.R.S.") section 28–3160 (1998)[1] ("section 28–3160") abrogates the common-law family purpose doctrine. We hold that the statute does not limit parental liability under the doctrine. The family purpose doctrine imposes liability on the head of a family whose vehicle is used by a family member for family purposes. In contrast, the statute imputes a minor's negligence or wilful misconduct when driving a vehicle to the person who signed the minor's driving application. It also allows a parent or guardian to escape this liability by ensuring that proof of financial responsibility is maintained by or on behalf of the minor. The differences mean that the statute does not limit the common-law doctrine.

¶ 2 The basic facts are as follows. Amanda, a minor, was driving her vehicle when she caused an accident in which several victims were injured. Amanda was solely at fault for the accident. Country Mutual Insurance Company insured Amanda's vehicle for the minimum statutorily mandated amounts for bodily injury of $15,000 per person and $30,000 per occurrence. Damages for the victims' injuries exceeded those amounts.

¶ 3 The injured victims sought to prosecute a claim against Amanda's parents under the family purpose doctrine. At the time of the accident, Amanda resided with her parents, whose two vehicles were insured by a Country Mutual policy with bodily injury limits of $100,000 per person and $300,000 per occurrence. Amanda's parents had signed her driving application as required by section 28–3160.

¶ 4 Country Mutual filed this action seeking a declaratory judgment that the family purpose doctrine did not apply in light of section 28–3160. The superior court granted summary judgment for the victims. It rejected Country Mutual's contention that section 28–3160(D) exonerated Amanda's parents from all liability because Amanda had satisfied the financial responsibility requirement. Country Mutual's appeal reasserts that the statute prevents the victims from recovering under the family purpose doctrine.

¶ 5 We hold that the statute did not abrogate the common-law family purpose doctrine for these reasons: the statutory liability differs from the doctrinal liability, the legislature did not indicate any intention to abrogate the doctrine by enacting section 28–3160, application of the statute does not require abrogation, and case law supports application of the family purpose doctrine even in light of the statute.[2]

¶ 6 Because the statute imposes liability different from that imposed by the family purpose doctrine, the statute does not affect the common-law doctrine. Section 28–3160[3]

1. Although the statute was amended in 1999, the amendments did not take effect until January 1, 2000. *See* A.R.S. § 28–3160 (Supp.2002). We apply the previous version because the event upon which this action is based occurred in 1999.

2. Because the family purpose doctrine is not abrogated, we do not address the parties' arguments regarding the constitutionality of the statute under Article 18, Section 6, of the Arizona Constitution, because those arguments assume that the statute abrogates the common-law cause of action.

3. In relevant part, section 28–3160 provides:
   B. Negligence or wilful misconduct of a minor when driving a motor vehicle on a high-

way is imputed to the person who signs the application of the minor for a permit or license. Except as otherwise provided in subsection D of this section, the person who signs the application is jointly and severally liable with the minor for damage caused by the negligence or wilful misconduct.

. . . .

D. The parents or guardian of a minor are not liable under subsection B of this section during the time proof of financial responsibility is maintained by the minor or on behalf of the minor in the form and in amounts required by law for the operation of a motor vehicle the minor owns, or if the minor is not the owner of a motor vehicle, for the operation of any motor vehicle.

imposes liability on any person who signs a minor's driving application, regardless of whose vehicle the minor drives or the purpose for which the vehicle is used. Subsection (D) exempts from liability "during the time proof of financial responsibility is maintained by the minor or on behalf of the minor" only those parents and guardians who signed the minor's driving application.

¶ 7 In contrast, family purpose liability attaches to a family vehicle[4] used for certain purposes: "[T]he head of a family who maintains a motor vehicle for the use, pleasure and convenience of that family is liable for the negligence of a member of the family who has the general authority to drive it while the vehicle is used for family purposes." *Brown v. Stogsdill,* 140 Ariz. 485, 487, 682 P.2d 1152, 1154 (App.1984); *see also Benton v. Regeser,* 20 Ariz. 273, 278, 179 P. 966, 968 (1919) (adopting family purpose doctrine in Arizona). The doctrine thus holds the head of the family liable regardless of whether that person signed the driving application. Moreover, liability under the doctrine is not limited to minor drivers but also extends to adult drivers within the household. *See Brown,* 140 Ariz. at 487, 682 P.2d at 1154. The statute relates to a minor's acquisition of a driver's license while the doctrine relates to use of a vehicle, and the liabilities they impose differ in nature and scope. We therefore determine that the statute does not abrogate the common law.

■ ¶ 8 Our conclusion that section 28–3160 does not abrogate the common-law family purpose doctrine is also supported by the absence of any indication that the legislature intended the statute to have that effect. In *Hayes v. Continental Insurance Co.,* 178 Ariz. 264, 273, 872 P.2d 668, 677 (1994), our supreme court said that a law should not be interpreted "to deny, preempt, or abrogate common-law damage actions unless the statute's text or history shows an explicit legislative intent to reach so severe a result." The *Hayes* court noted that "[i]t is, after all, easy enough for the legislature to state that a certain statute does or does not create, preempt, or abrogate a private right of action." *Id.* It therefore reaffirmed "the principle that ambiguous statutes will be construed as not forbidding or preempting judicial jurisdiction or common-law actions." *Id.* at 274, 872 P.2d at 678 (citations omitted). As a result, "[i]f the legislature intends to deny, abrogate, or preempt, it must clearly say so." *Id.* (citations omitted). Nothing in section 28–3160 indicates that its provisions are intended to replace, abrogate, or preempt the family purpose doctrine.

■ ¶ 9 The mere fact that the statute and the doctrine may apply to a single event does not mean that the statute has abrogated the doctrine. A statute may expand or supplement a common-law protection rather than diminishing or abrogating it. For example, *Jones v. Manhart,* 120 Ariz. 338, 585 P.2d 1250 (App.1978), involved statutes that imposed strict liability on a dog owner for damages caused by a dog at large and made a dog owner strictly liable for damage done by a dog to a person in a public place or lawfully on private property. This Court rejected the defendant's argument that the statutes abrogated the common-law rule of dog owner liability. *Id.* at 340, 585 P.2d at 1252. We reasoned that "the coverage of the statutes is not identical to that of the common law" and determined that "the purpose of the dog-bite statutes was to expand common law protection, not to diminish it." *Id.* In doing so, we followed "the principle that 'statutes are not to be construed as effecting any change in the common law beyond that which is clearly indicated ... [.] If possible, statutory enactments should be construed as consistent with the common law.' " *Id.* (quoting *Kilmer v. Hicks,* 22 Ariz.App. 552, 553, 529 P.2d 706, 707 (1974)).

¶ 10 Similarly, section 28–3160 imposes different liability from family purpose liability. As noted above, the statute expands liability to those who sign a minor's driving application in situations in which the minor negligently drives a vehicle, even one not

4. The doctrine can apply to a child's vehicle when the head of the household "through a substantial gift or a nonbusinesslike loan makes it possible for the child to purchase a car that the child would otherwise not have been able economically to acquire." *Pesqueira v. Talbot,* 7 Ariz.App. 476, 480–81, 441 P.2d 73, 77–78 (1968).

furnished by the parents. The means for escaping this expanded liability applies only to this statutory provision and not to the common-law family purpose doctrine liability. Although both the statute and the doctrine could apply when the minor drives without insurance for a family purpose, the statute is consistent with the common law and does not abrogate it.

¶ 11 Our case law also supports the application of the family purpose doctrine to cases subject to section 28–3160. For more than seventy-five years, Arizona statutes have provided that a minor driver's negligence is imputed to the person who signed the minor's driving application. *See* 1927 Ariz. Sess. Laws (4th S.S.), ch. 2, § 51. And, for at least fifty years, parents and guardians have been released from this liability if the minor maintains proof of financial responsibility. *See* 1951 Ariz. Sess. Laws, ch. 115, § 8. However, even in light of this statutory scheme, Arizona courts have allowed the use of the family purpose doctrine in cases in which the minor family member was insured. *See Pesqueira*, 7 Ariz.App. at 478–80, 441 P.2d at 73–75 (remanding case for determination of whether mother furnished daughter's vehicle within the meaning of the family purpose doctrine where insurance policies for collision and liability coverage were issued in daughter's name); *Brown*, 140 Ariz. at 487–89, 682 P.2d at 1154–56 (remanding case for trier of fact to determine whether parents could be held liable for son's negligence under family purpose doctrine where son maintained his own insurance on the vehicle involved in a collision). For these reasons, we hold that section 28–3160 does not abrogate or limit liability arising under the family purpose doctrine.

¶ 12 Accordingly, we affirm the judgment.

CONCURRING: CECIL B. PATTERSON, JR., Presiding Judge, and PHILIP HALL, Judge.