## Staunton

### William M. Lawrence, Administrator, Etc. v. Craven Tire Company, Et Al.

September 5, 1969.

Record No. 6943.

Present, All the Justices.

*Bankhead T. Davies; Michael Nussbaum* (D.C.) (*Leonard Braman* (D.C.); *Harlan L. Weiss* (D.C.); *Surrey, Karasik, Gould* and *Greene* (D.C.), on brief), for plaintiff in error.

*Robert C. Coleburn; A. Hugo Blankingship, Jr.* (*Charles H. Duff; Benjamin Margolin; Simmonds, Coleburn, Towner & Carman; Duff, Slenker and Brandt; Boothe, Dudley, Koontz, Blankingship & Stump,* on brief), for defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The question for decision in this case is whether an action will lie under Virginia law for the wrongful death of a stillborn child. The trial court held it would not, and accordingly sustained defendants' demurrers to plaintiff's motion for judgment and dismissed the action.

Plaintiff, William M. Lawrence, "administrator of the estate of Baby Girl Lawrence, deceased," brought an action against Craven Tire Company, a Virginia corporation, Freddie Gray Spivey and certain individuals and trustees comprising a partnership known as Cherner-Shirlington Motor Company.

His motion for judgment alleged in substance that on November 26, 1965, Lawrence's wife, pregnant with a viable child (capable of an existence independent of the mother), was riding in a vehicle driven by Lawrence which was in collision with a vehicle driven by Spivey; that the collision was due to the negligence of Spivey, for which the other defendants were also liable; that Mrs. Lawrence and plaintiff's decedent, "Baby Girl Lawrence," received injuries which impaired development of the unborn child resulting in her being born dead on January 16, 1966. Lawrence alleged that he had been appointed administrator of decedent's estate, and he sought $35,000.00 damages.

Plaintiff instituted this action pursuant to the Virginia wrongful death statutes, Code § 8-633 et seq. Since at common law no civil action was maintainable against a person for the wrongful death of another, plaintiff's right to maintain this action must be found in the wrongful death statutes—originally adopted by the General Assembly in 1871 and modeled after Lord Campbell's Act passed by the English Parliament in 1846. See Wilson v. Whittaker, 207 Va. 1032, 154 S.E.2d 124, discussing the wrongful death statutes as they appeared at time of "Baby Girl Lawrence's" death.

Code § 8-633 provides in pertinent part:

"Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation * * and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action * * and to recover damages in respect thereof, then, and in every such case, the person who, or corporation * * which, would have been liable,

if death had not ensued, shall be liable to an action for damages, * *."

Since the wrongful death act was adopted in Virginia nearly a century ago, it has required for maintenance of a wrongful death action (1) the death of a "person" caused by a wrongful act, neglect, or default, etc., and (2) that the act, neglect or default be "such as would, if death had not ensued, have entitled the party injured to maintain an action" for personal injuires. See Code § 8-633.

In *Sherley* v. *Lotz, Adm'r*, 200 Va. 173, 176, 104 S. E. 2d 795, 797-8, we said:

" * * While the statute [Code § 8-633], strictly speaking, may not create [in decedent's personal representative] a new cause of action, it continues, transmits or substitutes the right, with certain limitations stated in the cognate statutes, to bring the action which decedent had at the time of his death. *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S.E. 269; *Virginia Electric & Power Co.* v. *Decatur*, 173 Va. 153, 3 S.E.2d 172, dissenting opinion 4 S.E.2d 294; *Street* v. *Consumers Mining Corp.*, 185 Va. 561, 39 S.E.2d 271, 167 A.L.R. 886, and *Seymour* v. *Richardson*, 194 Va. 709, 75 S.E.2d 77, and authorities therein cited." See also *Wilson* v. *Whittaker*, *supra*, 207 Va. at 1036, 154 S.E.2d at 127.

If plaintiff's decedent had no right, at time of death, to maintain an action for personal injuries, then the right to maintain the present action could not be transmitted to her personal representative. We are unwilling to hold that a child *en ventre sa mere* can maintain a common law action for personal injuries, and it is plain that such a holding would be necessary in order for any right of action to have been transmitted to the present plaintiff. If a child *en ventre sa mere* were held to be able to maintain an action for personal injuries, logic and consistency would require that if such child were injured and subsequently stillborn for reason wholly unrelated to the injuries, a right of action would survive under Code § 8-628.1.

The cause of action created by § 8-633 arises only on the death of a "person". It should not be presumed that the legislature meant to give to that word a meaning different from the common understanding of its meaning. Decades ago this court said, quoting from the Supreme Court of the United States, that " 'the popular, or received import of words, furnishes the general rule for the interpre-

tation of statutes.' *Maillard* v. *Lawrence,* 16 How. 251." *N. & W. R. R. Co.* v. *Prindle and Wife,* 82 Va. 122, 130.

The General Assembly apparently thought that legislation was required to extend the meaning of "person" beyond the usual when it enacted § 1-13.19 to provide: "The word 'person' may extend and be applied to bodies politic and corporate as well as individuals."

" ' * * The general rule, as to this matter, is that the words of a statute should receive their ordinary acceptation and significance, where such construction is consonant, and not at variance, with the purpose of the statute, and does not thwart or defeat the same, or where it is not obvious from the statute that the evil to be suppressed, or the remedy to be advanced, requires that the construction be limited or enlarged. * * ' " *Rountree Corp.* v. *City of Richmond,* 188 Va. 701, 712, 51 S.E.2d 256, 260-1, quoting from 50 Am. Jur., Statutes, § 307, pp. 294, 295.

In sustaining the demurrers in this case the trial court said:

"In my opinion the proposition that a viable fetus is a person is a highly theoretical and fictional concept, and to say that such a 'person' could have maintained an action if death had not ensued is to carry the fiction even further. This I am unwilling to do."

Many courts have expressed the same unwillingness. In *Hogan* v. *McDaniel,* 204 Tenn. 235, 319 S.W.2d 221 (reaffirmed in *Durrett* v. *Owens,* 212 Tenn. 614, 371 S.W.2d 433), it was held that an unborn viable child was not a "person" within the Tennessee wrongful death statute, and that so to construe it would be to create an additional right under the guise of interpretation and give "a separate right of action from that of the mother in every case of an injury resulting in a miscarriage." 204 Tenn. at 243, 319 S.W.2d at 224-5.

In *Carroll* v. *Skloff,* 415 Pa. 47, 48, 202 A.2d 9, 10, 11, it was held that the Pennsylvania wrongful death act was "never intended to provide for recovery by the estate of an unborn fetus," but was "grounded upon an existing personal cause of action which the deceased could have but did not institute during his or her lifetime. It, therefore, necessarily follows that there must have been an independent life in being which could have instituted the action prior to death. Such, quite obviously, is not the case here."

In *Graf* v. *Taggert,* 43 N.J. 303, 311, 204 A.2d 140, 145, it was held that under the New Jersey wrongful death act there could be no right

of recovery for the wrongful death of an unborn child on the ground that "there can be no evidence from which to infer pecuniary loss to the surviving beneficiaries."

In *Drabbels* v. *Skelly Oil Co.*, 155 Neb. 17, 22-3, 50 N.W.2d 229, 232, the court said:

> "We adhere to the rule that an unborn child is a part of the mother until birth and, as such, has no juridical existence." And "we can find no convincing authority that a child born dead ever became a person insofar as the law of torts is concerned."

See also *Howell* v. *Rushing*, (Okla.), 261 P.2d 217; *Marko* v. *Philadelphia Transportation Co.*, 420 Pa. 124, 216 A.2d 502; and other cases cited in Annotation, 15 A.L.R.3d at 999.

Since *Verkennes* v. *Corniea*, 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634, a number of cases have held that such action may be maintained, *i.e.*, to recover damages for the wrongful death of a viable, unborn child. They are listed in the Annotation in 15 A.L.R.3d at page 995.

For the reasons stated above, we hold that the Virginia wrongful death statute as written does not provide an action for the wrongful death of a stillborn child.

The judgment below is

*Affirmed.*