CHARLES R. CARDWELL, ADMINISTRATOR OF THE ESTATE OF LUCINDA EVELYN CARDWELL, DECEASED v. WANDA WELCH AND DAVID WELCH

No. 7418SC915

(Filed 16 April 1975)

Death § 3— child en ventre sa mere — no person within meaning of wrong-
ful death act
    The Court construes the word "person" in the N. C. wrongful
    death statute, G.S. 28-173, to mean one who has become recognized as
    a person by having been born alive; therefore, the trial court properly
    allowed defendants' motion to dismiss in an action to recover damages
    for the wrongful death of a viable unborn seven month old fetus
    allegedly caused by defendants' negligence in a motor vehicle collision.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 5 August 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 January 1975.

Action to recover damages for the wrongful death of a viable unborn child. Plaintiff alleged that on 6 September 1971 the child was a viable child *en ventre sa mere,* having been conceived approximately seven months prior thereto, that the child was delivered stillborn on 7 September 1971, and that the child's death was caused by placental separation resulting from trauma to her mother's umbilicus sustained on 6 September 1971 in a motor vehicle collision which was caused by defendants' negligence.

The trial court, being of the opinion that the child was not a "person" within the meaning of the wrongful death statute, G.S. 28-173, allowed defendants' motion to dismiss filed under Rule 12(b)(6) and (c). From the judgment of dismissal, plaintiff appealed.

*Floyd & Baker by Walter W. Baker, Jr., for plaintiff appellant.*

*Perry C. Henson and Richard L. Vanore for defendant appellees.*

PARKER, Judge.

In *Gay v. Thompson,* 266 N.C. 394, 146 S.E. 2d 425 (1966), which involved an action such as the present one, our Supreme Court held that the defendant's demurrer to the complaint should have been sustained and the action dismissed on the ground that in such case there can be no evidence from which to infer "pecuniary injury resulting from" the death. At the time that case was decided G.S. 28-174 limited the plaintiff's recovery in a wrongful death action to "such damages as are fair and just compensation for the pecuniary injury resulting from such death." In basing its decision on the ground stated, our Supreme Court expressly held that it was not necessary for it to decide in that case "the debatable question as to whether a viable child *en ventre sa mere,* who is born dead, is a person within the meaning of our wrongful death act." 266 N.C. at 402, 146 S.E. 2d at 431. Because of the extensive 1969 legislative rewritng of G.S. 28-174, *see Bowen v. Rental Co.,* 283 N.C. 395, 196 S.E. 2d 789 (1973), it is now necessary for us to decide that question.

Our basic wrongful death statute, G.S. 28-173, as presently and as long heretofore in effect in this State, provides:

> "When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable . . . shall be liable to an action for damages, to be brought by the executor, administrator or collector of the decedent. . . . "

This State now recognizes, as do virtually all American jurisdictions, a right of action in a child to recover for its prenatal injuries caused by the tortious act of another, and had

Cardwell v. Welch

the child in the present case lived, it would have been entitled to maintain an action after its birth to recover damages for any prenatal injuries caused it by defendants' actionable negligence. *Stetson v. Easterling,* 274 N.C. 152, 161 S.E. 2d 531 (1968) ; Annot., 40 A.L.R. 3d 1222 (1971). This, however, does not solve the problem now before us of whether a viable unborn child whose death is caused while still in its mother's womb is properly to be considered a "person" within the meaning of our wrongful death act so that an action may be maintained by an administrator to recover damages for its wrongful death. We agree with the trial court that it may not.

It is, of course, apparent that to state the problem, as we have, in terms of whether a viable unborn fetus is or is not a "person" is of but slight assistance in arriving at a decision of the real problem here presented, i.e., whether an action should be held to lie under the statute for the wrongful death of an unborn child. To decide that such a fetus is or is not a "person" within the meaning of the statute amounts to little more than to announce a decision already arrived at largely by consideration of other factors. Nevertheless, as has been often observed, the action for wrongful death is solely a creature of statute, and of necessity we must begin with consideration of the words employed in the statute.

The wrongful death statute was enacted in this State in 1855. Chap. 39, Session Laws of 1854-1855. We think it highly unlikely that the Legislature which enacted it, or any which has been concerned with it since, intended to create a cause of action for the death of an unborn fetus. Had such an intention existed, it could easily have been clearly expressed. The greater probability is that by speaking of the death of a "person" and by creating a cause of action to be brought by "the executor, administrator or collector of the decedent," the Legislature was thinking solely in terms of and intended to create a cause of action only for the wrongful death of one who by live birth had attained a recognized individual identity so as to have become a "person" as that word is commonly understood. Certainly, in common understanding a "person" is one who has a separate identity as such, and to become a "decedent" one must first have been born.

Practical considerations also favor this construction. It is true, of course, that the parents of an unborn child may suffer intense anguish if through the tortious act of another the child

Cardwell v. Welch

is stillborn. To say, however, as some courts have, that an action lies for the death if the child was viable at the time of its injury and death but that no action lies if the child was not yet capable of existing apart from its mother's womb does not solve but merely relocates the problem. From the moment of conception onward there must be some cutoff point, and to place this at the moment of live birth has at least the merit of providing some degree of certainty to an otherwise highly speculative situation.

In making our decision we have not been concerned with the question of when human life begins from a biological or theological point of view. We have simply been called on to construe a statute. Furthermore, in making our decision we have not been insensitive to the rights of the unborn. In appropriate circumstances the law recognizes such rights and at times even requires that a guardian be appointed to protect them. We point out, however, that no wrongful death statute can ever operate to benefit the deceased; it can only operate to benefit others by granting a cause of action where none previously existed.

Accordingly, we construe the word "person" in our wrongful death statute to mean one who has become recognized as a person by having been born alive. If it be deemed desirable that a cause of action exist to recover for the wrongful death of an unborn fetus, that result would be accomplished more appropriately by legislative action than by strained judicial construction of an ancient statute.

Courts of other jurisdictions which have considered the question here decided are divided. Our decision is supported by opinions in the following cases, which we find particularly persuasive: *Stokes v. Liberty Mutual Insurance Company*, 213 So. 2d 695 (Fla. 1968); *McKillip v. Zimmerman*, 191 N.W. 2d 706 (Iowa 1971); *Leccese v. McDonough*, 279 N.E. 2d 339 (Mass. 1972); *Drabbels v. Skelly Oil Co.*, 155 Neb. 17, 50 N.W. 2d 229 (1951); *Graf v. Taggert*, 43 N.J. 303, 204 A. 2d 140 (1964); *Endresz v. Friedberg*, 24 N.Y. 2d 478, 248 N.E. 2d 901 (1969); *Carroll v. Skloff*, 415 Pa. 47, 202 A. 2d 9 (1964); *Hogan v. McDaniel*, 204 Tenn. 235, 319 S.W. 2d 221 (1958); *Lawrence v. Craven Tire Co.*, 210 Va. 138, 169 S.E. 2d 440 (1969).

For decisions *contra,* see cases cited in § 2 of Annot., 15 A.L.R. 3d 992 (1967).

Affirmed.

Judges BRITT and HEDRICK concur.