LARRY WALKER YOW, ADMINISTRATOR OF THE ESTATE OF NELSON ALLEN YOW, DECEASED, AND LARRY WALKER YOW AND SANDRA GAYNELL YOW AS PARENTS OF NELSON ALLEN YOW, DECEASED v. R. W. LLOYD NANCE

No. 7520SC1006

(Filed 5 May 1976)

Death § 3— wrongful death act — death of unborn viable child — no "person"
    A viable unborn child whose death is caused while still in its mother's womb is not to be considered a "person" within the meaning of the wrongful death act.

APPEAL by plaintiffs from *Rousseau, Judge.* Judgment entered 6 October 1975 in Superior Court, STANLY County. Heard in the Court of Appeals 19 March 1976.

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for plaintiff appellants.*

*Golding, Crews, Meekins, Gordon & Gray, by Fred C. Meekins, for defendant appellee.*

VAUGHN, Judge.

This action was started to recover damages for the wrongful death of a viable unborn child, who was eight and one-half months developed at the time of the fatal accident.

The trial judge allowed defendant's motion to dismiss filed under Rule 12 (b) (6) and (c).

In a case of first impression, *Cardwell v. Welch,* 25 N.C. App. 390, 213 S.E. 2d 382, *cert. den.* 287 N.C. 464, 215 S.E. 2d 623, this Court gave its answer to the identical question presented by this appeal. In *Welch,* this Court held that a viable unborn child whose death is caused while still in its mother's

---
Yow v. Nance
---

womb is not to be considered a "person" within the meaning of the wrongful death act.

In that well reasoned opinion by Judge Parker, we find the following:

> "In making our decision we have not been concerned with the question of when human life begins from a biological or theological point of view. We have simply been called on to construe a statute. Furthermore, in making our decision we have not been insensitive to the rights of the unborn. In appropriate circumstances the law recognizes such rights and at times even requires that a guardian be appointed to protect them. We point out, however, that no wrongful death statute can ever operate to benefit the deceased; it can only operate to benefit others by granting a cause of action where none previously existed.

> Accordingly, we construe the word 'person' in our wrongful death statute to mean one who has become recognized as a person by having been born alive. If it be deemed desirable that a cause of action exist to recover for the wrongful death of an unborn fetus, that result would be accomplished more appropriately by legislative action than by strained judicial construction of an ancient statute."

For the reason stated in *Welch,* the judgment is affimed.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.