## CIRCUIT COURT OF ROCKINGHAM COUNTY

Shoemaker

v.

Hotchkiss

### March 19, 1984

### Case No. (Law) 6684

By JUDGE JOSHUA L. ROBINSON

The defendant has moved to set aside the jury's verdict awarding damages to the plaintiff and to render judgment N.O.V. The sole ground of the motion is that: "Absent proof of some physical injury proximately caused by the defendant's negligence, the plaintiff is not entitled to recover for negligent infliction of emotional distress." *Restatement of Torts* 2d, § 436A. The Court thanks counsel for their thorough memoranda and oral argument and overrules the motion.

For the purpose of ruling on the motion, the Court adopts the statement of facts in defendant's memorandum.

> For the purposes of this Memorandum, the facts as adduced by the plaintiff at trial are not contested. Dorothy Shoemaker, a forty-seven year old woman, had been receiving ongoing medical care from Dr. Hotchkiss on a regular basis for at least the 20 years preceding the events at issue. In the years leading up to these events, Mrs. Shoemaker was being treated for hypertension, obesity and diabetes. She was also being treated for something described in the medical chart as "menopausal syndrome," that is, the various physical symptoms which often accompany menopause, such as hot flashes and musculo-skeletal aches and pains.

In July of 1980, Mrs. Shoemaker was seen by Dr. Hotchkiss for "aches and pains." During the course of the office visit, she told him that she had missed her last period. He responded by saying words to the effect that "that goes along with the change of life." Mrs. Shoemaker saw Dr. Hotchkiss seven times subsequent to the July visit and prior to her last visit in February of 1981. She never again mentioned that she had missed her period or that she was continuing to miss her periods, and Dr. Hotchkiss never inquired into whether she was continuing to miss her periods. On March 27, 1981, Mrs. Shoemaker gave birth to a still-born male infant, approximately twenty-seven to twenty-eight weeks old. The child's demise occurred within two weeks, either way, of February 2, 1981. Mrs. Shoemaker did not know she was pregnant until she delivered the baby.

Mrs. Shoemaker filed this action against Dr. Hotchkiss alleging that his treatment of her was negligent in a variety of ways. She sought damages for physical pain, mental anguish, medical expenses and lost wages. However, the Court, per Instruction number 14, limited any recovery Mrs. Shoemaker might be awarded to damages for "any mental or emotional anguish she may have suf- fered." The jury returned a verdict for Mrs. Shoemaker and against Dr. Hotchkiss in the amount of $20,000.00. Now pending before the Court is Dr. Hotchkiss' Motion to set aside the verdict. Dr. Hotchkiss hereby abandons his alternative Motion for a new trial.

The jury's verdict established that the defendant's negligence effectively terminated the fetus's chance of survival, *Whitfield* v. *Whittaker Memorial Hospital*, 210 Va. 176, 184 (1969); *i.e.*, the defendant's negligence caused the death of the fetus.

Cases permitting or denying recovery for emotional trauma without injury are inapposite. *See*, e.g., *Haught* v. *Maceluch*, 681 F.2d 291 (5th Cir. 1982); 70 *A.B.A. Journal* 62 (March 1984). In holding that no cause of action lies for the wrongful death of a stillborn child,

our Supreme Court adhered to the rule that an unborn child is part of the mother until birth. *Lawrence* v. *Craven Tire Co.*, 210 Va. 138, 142 (1969). Therefore, the negligence that caused the injury to and death of the fetus was negligence that proximately caused a physical injury to the plaintiff, and her emotional distress resulting therefrom is a recoverable item of damage.