## CIRCUIT COURT OF THE CITY OF RICHMOND

Doris J. Johnson, Adm'x, etc., et al.

    v.

William P. Cooksey and
Richmond Memorial Hospital

Case No. LJ 1401-4

Doris J. Johnson

    v.

William P. Cooksey and
Richmond Memorial Hospital

Case No. LJ 1402-4

Elliott W. Johnson

    v.

William P. Cooksey and
Richmond Memorial Hospital

Case No. LJ 1403-4

January 15, 1986

By JUDGE MELVIN R. HUGHES, JR.

These three cases, in which the defendants have filed demurrers, present these questions: (1) whether parents have a right of action for wrongful death due to the

delivery of a stillborn child; (2) whether parents, on the same facts, have a right of action for emotional distress.

For the reasons discussed below, the answer to Number 1 is in the negative and the answer to Number 2 is in the affirmative.

It is settled law in Virginia that an action for wrongful death predicated on the delivery of a stillborn is not maintainable, *Lawrence* v. *Craven Tire Co.*, 210 Va. 138 (1969). The holding in *Craven* has remained in tact since the time it was handed down and it stands unmodified.

It is also settled law in Virginia that, with some exceptions, the so-called "impact rule" is followed as to claims for recovery due to emotional distress. The emotional distress must result directly from tortiously caused physical injury. *Naccash* v. *Burger*, 223 Va. 406, 415 (1982).

The exceptions to this general rule have been carved out in the cases of *Moore* v. *Jefferson Hospital, Inc.*, 208 Va. 438 (1967), *Hughes* v. *Moore*, 214 Va. 27 (1973), *Womack* v. *Eldridge*, 215 Va. 338 (1974), and more recently, *Naccash* v. *Burger, supra.*

In *Hughes*, the Supreme Court of Virginia stated the rule that where conduct is merely negligent, not willful, wanton or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. 214 Va. at 34. An exception applies where emotional disturbance *and* physical injury is claimed and the physical injury is the natural result of fright caused by negligence. Here, no physical injury is claimed, but allegations of willful wanton conduct are in place to bring the case against Dr. Cooksey within the exception of *Womack.*

In *Womack*, the Court ruled that a cause of action for emotional damages, unaccompanied by physical injury, exists only if four elements are shown:

> One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the

generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe. 215 Va. 342.

While plaintiffs here allege negligence without accompanying physical injury, a direct injury as to them is alleged which would bring this case within another exception, the one laid down in *Naccash* v. *Burger, supra*. In *Naccash*, recovery for emotional distress was allowed due to negligence in blood testing for Tay-Sachs disease causing the plaintiff-parents there to proceed with a pregnancy they would have otherwise ended. A direct injury allegedly caused by negligence without accompanying physical hurt but with emotional distress naturally resulting therefrom, can be a predicate for recovery under *Naccash*.

In the cases of the parent-plaintiffs here, there are allegations of direct injuries to the mother, independently, and derivatively to the father, which could bring the claims against both defendants under *Naccash*.

Accordingly, for the reasons set out above, the demurrer in the wrongful death case is sustained; the demurrer in the cases presented against Dr. Cooksey is overruled and the demurrer in the cases against Richmond Memorial Hospital is overruled.