## CIRCUIT COURT OF WISE COUNTY

James Houchins, an infant,
and Cassandra Houchins

v.

Kennedy's Piggly Wiggly Stores, Inc.

February 1, 1988

Case No. L87-309

By JUDGE J. ROBERT STUMP

Plaintiffs' motion for judgment alleges that both a pregnant mother and her unborn child, subsequently born alive, suffered severe personal injuries and medical expenses when the mother slipped on a wet substance and fell in defendant's grocery store.

Defendant's demurrer raises this issue. After being negligently injured while in its mother's womb, does a child born alive have an independent common law action in Virginia?

This court answers the question, "Not today in Virginia." My opinion is based on the clear language stated in the 1969 Virginia Supreme Court case of *Lawrence v. Craven Tire Co.*, 210 Va. 138 (1969), at 140: "We are unwilling to hold that a child *en ventre sa mere* (in its mother's womb) can maintain a common law action for personal injuries."

Plaintiffs contend that *Lawrence* is inapplicable because that case involved the interpretation of the Virginia death by wrongful act statute, and the child was stillborn; whereas, here there is no statutory interpretation, and the child survived.

However, in *Lawrence*, the Virginia Supreme Court unequivocally prefaced its statutory interpretation by rendering a basic, up-front, separate ruling that an

unborn child has no independent "common law action for personal injuries." After announcing this rule, the Supreme Court then construed the statute by holding that it therefore logically followed, if there is no right, then it cannot be transmitted to the stillborn child's estate.

Furthermore, keeping in mind that the Virginia Supreme Court disallowed this right of action to an unborn child in *Lawrence*, it is my opinion that it logically follows the Virginia Supreme Court would continue to refuse this right, whether the child was born dead or alive. Moreover, in *Lawrence* at 142, the Court said, "an unborn child is a part of the mother until birth and, as such, has no juridical existence." This was affirmed in 1986 in *Modaber v. Kelley*, 232 Va. 60, 66-67 (1986).

In the enlightened era of 1988, this trial court personally favors the opposite view espoused by: (1) plaintiffs' counsel; (2) Federal District Court Judge Turk [as he expressed his opinion how the Virginia Supreme Court might rule in *Bolen v. Bolen*, 409 F. Supp. 1375 (W.D. Va. 1975)]; and (3) the overwhelming majority of other state courts. *See* 40 A.L.R. 3d 1222 and Restatement Torts 2d, § 869. However, the holding by the Virginia Supreme Court in *Lawrence* continues to be the law of Virginia today, has not been superseded, nor overruled, is *stare decisis* and binding on this court. To rule in plaintiffs' favor here would necessitate overruling *Lawrence*, which this court cannot, will not and declines to do. Such a decision must remain with the Virginia Supreme Court. I also note that the Virginia General Assembly has not passed any laws addressing this issue.

Defendant's demurrer will be sustained as to the child's right of action and the mother's derivative claim for medical expenses and loss of services for the child.